IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-169 |
| | ) | |
| JEFFREY WHALEY, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 14, 2011, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Declare the Case Complex and Continue the Trial [Doc. 14], filed on February 2, 2011. Assistant United States Attorney F. M. Hamilton, III, appeared on behalf of the Government. Attorney Tracy Jackson Smith represented the Defendant, who was also present.

The motion asks the Court to continue the March 2, 2011 trial date, due to defense counsel's need to review voluminous discovery, investigate the case, file pretrial motions, and prepare for trial. The motion relates that defense counsel has received some 9,000 pages of discovery, two-thirds of which were received on January 28, 2011. At the hearing, Attorney Smith informed the Court that she had yet to finish her initial review of the discovery and that the Government had informed her that more discovery was forthcoming. She stated that this case is

1

complex because it involves complicated legal issues and large amounts of discovery. Ms. Smith said that she had discussed the requested continuance with the Defendant, that she had advised him of his right to a speedy trial, and that they concurred that a continuance of the trial was in his best interest. The Defendant agreed that his attorney had explained his speedy trial rights and that he wanted the Court to grant the continuance. The Government did not object to continuing the trial or to declaring the case to be complex. The parties agreed on a new trial date of August 9, 2011.

The Court finds the motion to continue the March 2, 2011 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the efendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The discovery in this case involves some 9,000 pages of documents. Defense counsel needs time to complete her review discovery, to determine what pretrial motions need to be filed, and to prepare those motions. Once any pretrial motions are filed and the Government has submitted responses, the Court will need time to conduct hearings on any pending motions and time, not to exceed thirty days, to rule upon such motions. See 18 U.S.C. § 3161(h)(1)(D) & -(H). The parties may need time to object to rulings on motions, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on any motions and objections. The Court finds that all of this could not take place before the March 2, 2011 trial date or in less than six months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, the Defendant is charged [Doc. 1] with conspiracy to commit wire fraud, four counts of wire fraud, and two counts of money laundering, over a period of six months and in relation to four properties. As discussed above, the case involves thousands of pages of discovery.

Thus, due to the nature of the prosecution and the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, a continuance is also warranted in this case because the case is "complex" for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

The Defendant's Motion to Declare Case Complex and Continue the Trial [**Doc. 14**] is **GRANTED**, and the trial of this matter is reset to **August 9, 2011**. The Court also finds that all the time between the filing of the motion on February 2, 2011, and the new trial date of August 9, 2011, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion-filing deadline of **March 14, 2011**. Responses are due by **March 28, 2011**. A pretrial conference before the undersigned is set for **April 4, 2011, at 9:30 a.m.** The Court will take up any pending motions at this hearing. Reciprocal discovery is also due on this date. The deadline for concluding plea negotiations is **July 11, 2011**. The Court instructs the parties that all motions *in limine* must be filed no later than **July 25, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **July 29, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Declare Case Complex and Continue the Trial [**Doc. 14**] is **GRANTED**;

(2) This case is **DECLARED** to be complex for speedy trial purposes;

(3) The trial of this matter is reset to commence on **August 9, 2011**,

**at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(4) All time between the filing of the motion to continue on **February 2, 2011**, and the new trial date of **August 9, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) Pretrial motions are due on or before **March 14, 2011**;

(6) Responses are due on **March 28, 2011**;

(7) A pretrial conference before the undersigned is set for **April 4, 2011, at 9:30 a.m.** This date shall also be the deadline for reciprocal discovery;

(8) The plea negotiation cut-off deadline in this case is **July 11, 2011;**

(9) Motions *in limine* must be filed no later than **July 25, 2011**; and

(10) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **July 29, 2011**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge