UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-169 |
| | ) | |
| JEFFREY WHALEY and, | ) | (PHILLIPS/SHIRLEY) |
| JERRY D. KERLEY, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 27, 2011, for a scheduled pretrial conference, arraignment, and motion hearing on Defendant Kerley's Motion to Modify Scheduling Order [Doc. 43] and the Government's Motion for Extension of Time to File Responses [Doc. 44]. Assistant United States Attorneys F.M. Hamilton, III, and Zachary C. Bolitho appeared on behalf of the Government. Attorney Tracy Jackson Smith represented Defendant Whaley, who was also present. Attorneys Wade V. Davies and W. Thomas Dillard represented Defendant Kerley, who was also present.

After both Defendants were arraigned on the Third Superseding Indictment [Doc. 41], the Court addressed Defendant Kerley's Motion to Modify Scheduling Order [Doc. 43]. In his motion, Defendant Kerley requests thirty days from April 26, 2011, to analyze the Third Superseding Indictment and file additional motions. At the hearing, Attorney Davies informed that he filed two

1

additional motions on May 19, 2011, based on the Third Superseding Indictment.  Attorney Davies stated that he was not requesting additional time to file any motions after having had sufficient time to review the Third Superseding Indictment.

The Court then addressed the Government's Motion for Extension of Time to File Responses [Doc. 44].  In the motion, the Government requests a thirty day extension of time to file responses to the Defendant's motion, up to and including May 27, 2011.  At the hearing, the Government orally requested additional an three additional weeks, up to and including June 20, 2011, to file its responses to Defendant Kerley's pending pretrial motions.  Both Defendants advised the Court that they had no objection to the Government's request for additional time to file its responses to Defendant Kerley's pretrial motions.  Based on the additional time requested by the Government to file its responses, Attorney Davies asked the Court additional time to file replies to the Government's responses.  Attorney Davies orally requested the date of June 30, 2011, to file such replies.

Accordingly, the Court finds Defendant Kerley's Motion to Modify Scheduling Order **[Doc. 43]** is **GRANTED to the extent that the Defendant's motion filing deadline is extended to May 26, 2011.**  Based upon Defendant Kerley's pending motions, the Court finds the Government's oral motion for additional time to file responses to Defendant Kerley's motions to be well-taken and is **GRANTED.**  The Government's responses to Defendant Kerley's motions are due on or before **June 20, 2011**.  Therefore, the Government's Motion for Extension of Time to File Responses **[Doc. 44]** is **DENIED as moot.**  The Court also finds Attorney Davies oral motion for additional time to file responses is well-taken and is **GRANTED**.  Defendant Kerley's replies to the Government's responses are due on or before **June 30, 2011.**  The parties are to appear before the

undersigned for a motion hearing on **July 14, 2011, at 9:30 a.m.** The Court advised Defendant Whaley that if he intended to join in any of Defendant Kerley's motions, he must do so by **June 3, 2011.**

Additionally, the Court questioned Attorney Davies regarding Defendant Kerley's five pending motions filed before the Third Superseding Indictment in this case. Attorney Davies informed the Court that, based on the Third Superseding Indictment, Defendant Kerley no longer intended to pursue his Motion to Dismiss Count 12 (Conspiracy to Commit Bank Fraud) as Multiplicitous [Doc. 31]; Motion to Dismiss Count 16 (Money Laundering) for Failure to State an Offense [Doc. 33]; and Motion to Dismiss Counts 2, 3, 4, and 7 (Wire Fraud) as Multiplicitous [Doc. 35]. Attorney Davies, however, stated that Defendant Kerley would continue to pursue Motion for Severance of Defendants [Doc. 30]; Motion for Hearing to Determine Existence of Conspiracy [Doc. 37]; and Motion for Jury Determination of Forfeiture Nexus [Doc. 39], along with his recently filed Motion to Dismiss Counts 1 through 17 [Doc. 46] and Motion to Dismiss Count 20 (Money Laundering) for Failure to State an Offense [Doc. 48].

Based on Attorney Davies's representations at the hearing, Defendant Kerley's Dismiss Count 12 (Conspiracy to Commit Bank Fraud) as Multiplicitous **[Doc. 31]**; Motion to Dismiss Count 16 (Money Laundering) for Failure to State an Offense **[Doc. 33]**; and Motion to Dismiss Counts 2, 3, 4, and 7 (Wire Fraud) as Multiplicitous **[Doc. 35]**, are **DENIED as moot**.

In light of the extension of deadlines in this case, the Court noted the August 9 trial date. At this point in the hearing, Attorney Davies made an oral motion to continue the trial. Attorney Davies stated that a resolution of the pending motions necessitated a trial continuance in this case. Additionally, Attorney Davies noted that this case has been declared complex and that

issues had arisen regarding scanned documents provided by the Government which would require a large number of documents to be re-scanned. Attorney Davies asserted that the process of re-scanning such documents would result in substantial undertaking for defense counsel. Attorney Davies stated that all the time between now and a new trial date would be fully excludable based on the need for a resolution regarding Defendant's Kerley's pending motions. Attorney Davies informed the Court that he had discussed the need for a trial continuance with the Defendant. The Court questioned Defendant Kerley, who stated that he had no objection to continuing the trial in this case and that he wanted a trial continuance.

Attorney Smith stated that Defendant Whaley had no objection to continuing the trial date. Attorney Smith agreed that all the time between now and a new trial date would be fully excludable. Further, Attorney Smith informed the Court that she had discussed the possibility of a trial continuance with Defendant Whaley. The Court questioned Defendant Whaley, who stated that he had no objection to continuing the trial in this case and that he wanted a trial continuance.

The Government stated that it had no objection to continuing the trial date in this case. The Government asserted that the case is complex and addition time is needed to correct the discovery issue in this case. The Government also agreed that the resolution of the pending pretrial motions resulted in excludable time.

The Court finds the Defendant's oral motion to continue the August 9 trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). As discussed above, Defendant Kerley has five pending pretrial motions. See 18 U.S.C. § 3161(h)(1)(D). The Court finds that Defendant Kerley's pretrial motions create excludable time. See United States v.

Tinklenberg, ---- S. Ct. ----, No. 09-1498, 2011 WL 2039366, at *3 (holding that the filing of pretrial motions is within the Speedy Trial Act "irrespective of whether it actually causes, or is expected to cause, delay in starting a trial"). The litigation of the motions raised by Defendant Kerley requires a continuance of the trial. Once the Government responds to the motion, the Court will need time to conduct a hearing on the motions and time, not to exceed thirty days, to prepare a report and recommendation on the motion. See 18 U.S.C. § 3161(h)(1)(H). Following the filing of the report and recommendation, the parties will need time to file any objections, and the District Court will need time to rule upon the suppression motion in light of the report and any objections. Finally, the parties will need time to prepare for trial in light of the ruling on the motions. The Court finds that all of this could not take place before the August 9, 2011 trial date, or in less than four months. The failure to grant a continuance would deprive the parties of time to secure rulings on the motions and to prepare for trial in light of these motions. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[1] Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States,

---

[1] Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, Defendants Whaley and Kerley are jointly indicted. The Court notes that Defendant Kerley has filed a motion for severance which could impact Defendant Whaley's trial date. At this point, however, the motion to sever is pending and the Court finds that Defendant Whaley remains joined to his co-defendant at this time for purposes of the Speedy Trial Act. The Court finds that the five-month delay caused by Defendant Kerley's need to resolve his pending pretrial motions to be reasonable. Accordingly, this delay is also attributable to Defendant Whaley. 18 U.S.C. § 3161(h)(6).

Accordingly, Defendant Kerley's oral motion to continue the trial is **GRANTED**, and the trial of this case is reset to **October 4, 2011**. The Court finds that all the time between the **May 27, 2011** hearing date and the new trial date of **October 4, 2011**, is fully excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & (7)(A)-(B). Regarding further scheduling, reciprocal discovery is due by **July 29, 2011.** The new deadline for completing plea negotiations

6

is **September 6, 2011**. Motions *in limine* must be filed no later than **September 19, 2011**; Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **September 23, 2011**.

At the end of the hearing, the parties addressed the issue of expert disclosures in this case. The parties agreed that new dates for disclosing any expert testimony were necessary to prevent the need for a trial continuance in the future. The Government agreed to an expert disclosure deadline of **August 5, 2011.** The Defendants agreed to provide expert disclosures by **August 19, 2011.** Motions seeking a Daubert hearing must be filed on or before **August 29, 2011.**

Accordingly, it is **ORDERED**:

(1) The Court finds Defendant Kerley's Motion to Modify Scheduling Order **[Doc. 43]** is **GRANTED to the extent that the Defendant's motion filing deadline is extended to May 26, 2011;**

(2) The Government's oral motion to for additional time to file responses to Defendant Kerley's motions is **GRANTED**. The Government's responses are due on or before **June 20, 2011.** Therefore, the Government's Motion for Extension of Time to File Responses **[Doc. 44]** is **DENIED as moot**. The Court advised Defendant Whaley that if he intended to join in Defendant Kerley's motions, he must do so by **June 3, 2011;**

(3) Defendant Kerley's oral motion for additional time to file replies to the Government's responses is **GRANTED**. Defendant Kerley's replies to the Government's responses are due on or before **June 30, 2011**;

(4) If Defendant Whaley intends to join in any Defendant Kerley's motions, he must do so by **June 3, 2011;**

(5) The parties are to appear before the undersigned for a motion hearing on **July 14, 2011, at 9:00 a.m.**;

7

(6) Based on Defendant Kerley's representations at the hearing, Defendant Kerley's Dismiss Count 12 (Conspiracy to Commit Bank Fraud) as Multiplicitous **[Doc. 31]**; Motion to Dismiss Count 16 (Money Laundering) for Failure to State an Offense **[Doc. 33]**; and Motion to Dismiss Counts 2, 3, 4, and 7 (Wire Fraud) as Multiplicitous **[Doc. 35]**, are **DENIED as moot**;

(7) Defendant Kerley's oral motion to continue the trial is **GRANTED**;

(8) The trial of this matter is reset to commence on **October 4, 2011**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(9) All time between the **May 27, 2011** hearing, and the new trial date of **October 4, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(10) Reciprocal discovery is due on **July 29, 2011;**

(11) The new deadline for concluding plea negotiations is **September 6, 2011**;

(12) Motions *in limine* must be filed no later than **September 19, 2011**;

(13) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **September 23, 2011;** and

(14) The Government must provide expert disclosures **August 5, 2011.** The Defendants must provide expert disclosures by **August 19, 2011.** Motions seeking a Daubert hearing must be filed on or before **August 29, 2011.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge