# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-169 |
| | ) | (Phillips) |
| JEFFREY WHALEY and JERRY D. KERLEY | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the defendants' motions for judgment of acquittal or, in the alternative, for new trial [Docs. 152, 153, 154, 155]. On May 18, 2012, a jury found defendants guilty of conspiracy to commit wire fraud, wire fraud, bank fraud, false statements relating to the purchase of real property, and money laundering. The government has responded in opposition to the motions [Docs. 156, 157, 158, 159]. For the reasons which follow, the defendants' motions are denied.

### I

Defendants first argue that the court erred in admitting the opinion testimony of Barbara DeMichele and Ronalda Owens as lay testimony. DeMichele and Owens testified at trial that SunTrust Mortgage, Inc., would not have approved the loans in question if the true nature of the down payments had been known. Defendants aver that their testimony failed to satisfy the prerequisites for admissibility as lay testimony under

Rule 701, Federal Rules of Evidence. Defendants argue that neither of the witnesses was involved with the loan transactions at issue in this case. In addition, their testimony was based on technical or other specialized knowledge. Defendants further argue, that although the lending practices and policies of the mortgage company are matters of fact, not opinion, testimony as to whether the mortgage company would have approved the loans if the true facts had been known is a matter of opinion, not fact. Because the opinion testimony of DeMichele and Owens rested at least in part on "technical or other specialized knowledge," the admissibility of their testimony should have been determined by reference to Rule 702, Federal Rules of Evidence, not Rule 701, defendants argue.

The government responds that the testimony is admissible as lay witness opinion testimony because the testimony is not based upon experience, training, or specialized knowledge within the realm of an expert but, instead, is based upon the witnesses' investigation and their particularized knowledge gained by virtue of their positions with the banks.

This matter was addressed by the court prior to trial, wherein the court ruled that the witnesses would be allowed to testify to the facts surrounding their investigation of the approval of the loans at issue and to their lay opinion, resulting from their investigation and their knowledge of their employers' lending policies, as to whether their employer banks would have approved the loans if the true nature of the down payments had been known. The court found the admissibility of the witnesses' testimony was

governed by Rule 701 and not Rule 702.  The witnesses' testimony was not based upon "scientific, technical, or other specialized knowledge" with the scope of Rule 702, but was instead based upon the witnesses' own particularized knowledge gained from their familiarity with their employer banks' underwriting processes and lending policies.  Accordingly, the court finds that this testimony was properly admitted at trial as lay opinion testimony under Rule 701, Federal Rules of Evidence.

## II

Next, the defendants argue that the court erred in admitting the government's summary charts as substantive evidence.  Defendants state that the government's summary charts fail to satisfy the prerequisites for admissibility under Rule 1006, Federal Rules of Evidence, in that the underlying documents were not so voluminous that they could not be examined in court by the jury.  In addition, the charts were misleading, in that they reflected inferences and conclusions drawn from the evidence by the government.  Defendants aver that admissibility of the summary charts should have been determined by reference to Rule 611(a) of the Federal Rules of Evidence, not Rule 1006.

The government responds that prior to admission of each summary exhibit, the government laid a foundation to establish that the exhibit was "secondary evidence" within the meaning of Rule 611, thus, the summary charts were properly admitted into evidence.

The court admitted the summary charts into evidence pursuant to Rule 1006, *and* Rule 611. The summary charts were admitted in evidence not in lieu of the evidence they summarized, but in addition thereto, because in the judgment of the trial court, the summary charts accurately summarized the thousands of pages of documents admitted into evidence and would materially assist the jury in better understanding the complex nature of the charges against the defendants. *See United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir. 1998) (Trial courts have discretionary authority to permit counsel to employ "summaries" to clarify and simplify complex testimony or other information and evidence or to assist counsel in the presentation of argument to the court or jury). Accordingly, the court finds that the evidence was properly admitted under Rule 611(a) and Rule 1006.

III

Defendants also argue that the evidence introduced at trial was insufficient to sustain their convictions. Specifically, defendants argue that no rational trier of fact could have found beyond a reasonable doubt that they intended to defraud Citizens Bank or SunTrust Mortgage.

In order to convict the defendants of wire fraud, the government was required to prove that the defendants knowingly participated in a scheme to defraud in order to obtain money or property; by a material misrepresentation or concealment of a material fact with intent to defraud; and that the defendant used wire communications in furtherance of the scheme. In order to convict the defendants of bank fraud, the government was required

-4-

to prove that the defendants knowingly participated in a scheme to obtain money or property owned by or in control of a financial institution by means of false or fraudulent pretenses, representations or promises; that the scheme included a material misrepresentation or concealment of a material fact; and that the defendants had the intent to defraud.

Intent to defraud is an element of both crimes. The Sixth Circuit Pattern Jury Instructions define "intent to defraud" as "an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself." Sixth Circuit Pattern Jury Instruction 10.01(2)(E). Defendants argue that there is no direct evidence that they intended to defraud Citizens Bank or SunTrust Mortgage, Inc.

Defendant Whaley testified that no one at Tennessee State Bank ever told him that he could not or should not list someone else as the remitter and that he never intended to deceive or cheat anyone. He further testified that he thought it was okay to lend money to the buyers of the properties and he did not think it was illegal to fund the down payments from the disbursement checks.

Defendant Kerley testified that he did not have an agreement with Kenny Lee, Jeff Whaley or anyone else to defraud banks. He did not make false statements to try and influence banks. He did not know that Kenny Lee was sending in straw buyers. He further testified that he did not know that Gateway Mortgage was sending in falsified loan

applications. He did not authorize anyone to give out loan proceeds early, because he could have lost that money. He stated that he never had a conversation with Kenny Lee about taking checks out of his office and bringing back the cashier's checks for the down payments after closing.

The proof at trial showed that defendants, along with others, engaged in material misrepresentations designed to induce Citizens Bank and SunTrust Mortgage Inc to fund mortgages for properties using a "straw borrower" scheme. The borrowers in the transactions allowed their names and credit scores to be used for the purpose of obtaining the mortgage loans. The proof further showed that defendants were responsible for knowingly misrepresenting and concealing the real source of the "cash from borrower" amounts stated on the HUD forms. The proof further showed that not one of the straw borrowers actually provided any of the money identified as "cash from borrower" on the HUD forms. Finally, the jury heard proof that SunTrust Mortgage and Citizens Bank would not have approved the loans in question if the true nature of the down payments had been known. There was ample evidence presented at trial from which the jury could conclude that defendants intended to defraud Citizens Bank and SunTrust Mortgage.

IV

Defendant Kerley argues that his money laundering conviction must be dismissed because the transaction at issue was a necessary component of the alleged mortgage fraud scheme and because the count did not allege a transaction in criminally

-6-

derived property, as defined in *United States v. Cloud*, 680 F.3d 396 (4th Cir. 2012) (overturning money laundering conviction based on payments to recruiters, buyers, and other coconspirators for their role in mortgage fraud scheme).

Count 22 charged defendant Kerley with money laundering relating to the purchase of real property located at 3515 Peggy Lane. The evidence at trial showed that Ed Walker purchased the property from Diane Koch for $280,000. The property was then "flipped" when Walker sold the property to Brian Haskett for $385,220. Defendants utilized the money from the second closing on the Peggy Lane property to pay for the first. The Fourth Circuit Court of Appeals in *Cloud* found, under identical facts, that the defendant was not paying the "essential expenses" of the underlying crime, and thus, there was no merger problem. *Id.* at 408. Likewise, the court finds that the money laundering transactions at issue were designed to perpetuate the scheme of mortgage fraud. Accordingly, defendant Kerley's motion to dismiss Count 22 is denied.

## VI
## Conclusion

For the reasons stated above, defendants' motions for judgment of acquittal or, in the alternative, for new trial [Docs.152, 153, 154, 155] are **DENIED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge