UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-169 |
| | ) | (VARLAN/SHIRLEY) |
| JEFFREY WHALEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

On May 18, 2012, a jury found defendant guilty of conspiracy to commit wire fraud, 8 counts of wire fraud, two counts of bank fraud, two counts of making false statements relating to the purchase of real property, and two counts of money laundering. Defendant was sentenced to a total term of imprisonment of 60 months, followed by a term of supervised release of three years. Defendant has moved the court to allow him to remain on bond pending appeal.

In support of his motion, defendant states that 18 U.S.C. § 3143(b) provides that a defendant who has been found guilty of an offense, sentenced to a term of imprisonment, and filed an appeal shall be detained unless the court finds that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released and that the appeal is not for the purpose of delay and raises substantial questions of law or fact which are likely to result in a reversal, an order for a new trial, a sentence that does

not include a term of imprisonment, or a sentence of imprisonment which is less than the expected duration of the appeal process.

Defendant Whaley asserts he meets all of the above criteria. He is not likely to flee as evidenced by the fact that he has been on pretrial release since December 22, 2010. He has fully complied with all of the terms and conditions of his release and has never missed a court appearance. He has no criminal history and there is nothing in his character or past conduct to suggest that he poses any sort of danger to the safety of others in the community if he remains on bond. Finally, his appeal is not for the purpose of procrastination or delay. Defendant further asserts that his appeal raises substantial issues of law and fact which, if he is successful on appeal, are likely to result in a reversal of his conviction, and/or a sentence of imprisonment which is less than the expected duration of the appeal process.

Specifically, defendant argues that there was insufficient evidence for the jury to have found beyond a reasonable doubt that he intended to defraud the victims; and secondly, that the losses attributable to him were not reasonably foreseeable. Defendant contends that the loans at issue in this case went into default as a result of the fact that the real estate market collapsed and the value of the collateral securing the loans declined to an amount below the outstanding balance of the loans, neither of which was caused by defendant. Therefore, defendant argues there is no "actual loss" attributable to him under the guidelines, and his base offense level should have been 7 and not 25. Defendant concludes that both of these issues are "substantial." If his challenge to the sufficiency of

the evidence is decided in his favor, it will likely result in a reversal of his convictions and the entry of a judgment of acquittal. If his challenge to the court's determination of the amount of the loss is decided in his favor, it will likely result in a sentence of imprisonment which is less than the expected duration of the appeal process.

The government has responded in opposition to defendant's motion for bond pending appeal. Although the government does not contest that defendant does not pose a risk to flee or a danger to the community, the government argues that defendant cannot meet his burden of proving that his appeal will raise a "substantial question of law or fact." The government states that the proof supporting the jury's conclusion that defendant intended to defraud the mortgage lenders raises no close question for appeal. The government further states that defendant's contention that the mortgage lenders' losses were not reasonably foreseeable raise no close question for appeal. The court agrees.

18 U.S.C. § 3143(b) creates a presumption in favor of detention pending appeal. *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988). Pursuant to 18 U.S.C. § 3143(b), a defendant who has been found guilty of an offense and sentenced to a term of imprisonment must be detained unless the Court finds (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community; and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a reversal, an order for new trial, or

a sentence which does not include imprisonment, or a lesser term than already served. 18 U.S.C. § 3143(b); *United States v. Pollard,* 778 F.2d 1177, 1181 (6th Cir. 1985).

The proof at trial showed that defendant, along with others, engaged in material misrepresentations designed to induce the mortgage lenders to fund mortgages for properties using a "straw borrower" scheme. The borrowers in the transactions allowed their names and credit scores to be used for the purpose of obtaining the mortgage loans. Defendant concealed from the mortgage lenders that the straw borrowers, who were not personally capable of repaying the loans, were obtaining hundreds of thousands of dollars in mortgage loans, thereby exposing the mortgage lenders to millions in loss. The proof further showed that not one of the straw borrowers actually provided any of the money identified as "cash from borrower" on the HUD forms. Defendant fraudulently satisfied the borrower's down payment money by reducing the HUD-1's disbursement amount to his company to offset the cash due from borrower, without the knowledge of the mortgage lender. For the 1531 Trappers Ridge Lane and 954 Black Bear Cub Way transactions, defendant satisfied the substantial down payments required by the HUD-1s by taking lender funds, which has been disbursed early to coconspirator Jerry Kerley, to his bank and converting those funds into a cashier's check with the borrower's name fraudulently listed as remitter for the purpose of leading the victim lender to believe that the borrower himself had purchased the cashier's check with his own money. Finally, the jury heard proof that the mortgage lenders would not have approved the loans in question if the true nature of the down payments had been known. Thus, there was ample

4

evidence presented at trial from which the jury could conclude that defendant intended to defraud the mortgage lenders.

Moreover, the court finds it was certainly foreseeable to defendant that the fraudulently obtained mortgage loans might enter default status since defendant knew the straw borrowers could not provide the down payment money required for closing, or make the mortgage loan payments to the lenders. In addition, defendant knew that coconspirator Kenny Lee could not make the straw borrowers' mortgage payments due to Lee's financial difficulties. Thus, defendant's argument that the losses he caused to the mortgage lenders were not reasonably foreseeable raises no substantial question of law or fact for appeal.

Accordingly, the court finds insufficient support in favor of granting the defendant's motion. While the court agrees that the defendant does not pose a flight risk or danger to the community, defendant has failed to demonstrate that his appeal is likely to succeed, raises substantial questions of law or fact, or that his motion for bond pending appeal is not merely a dilatory tactic. Since the court cannot find sufficient evidence in support of release under § 3143(b), defendant must report to the Bureau of Prisons when designated for service of his sentence. Defendant's motion to remain on bond pending appeal [Doc. 232] is **DENIED.**

**ENTER:**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

5

Case 3:10-cr-00169-PLR-CCS   Document 237   Filed 08/19/13   Page 5 of 5   PageID #: 4896